<div style="text-align:center">

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

</div>

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN DEAN WOLFE, 10147810,

Plaintiff,

v.

STEVE FREITAS, Sheriff, et al.,

Defendants.

Case No. 16-6799 SK (PR)

**ORDER OF DISMISSAL**

Plaintiff, a prisoner at the Sonoma County Jail (SCJ), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that SCJ officials violated his right of access to the courts by refusing to assist him with filing for divorce.  Plaintiff specifically alleges that his repeated requests for a "dissolution of marriage packet" were denied on grounds that "we do not provide information or paper work on divorces."  Comp. (ECF No. 1) at 4.

The complaint is properly before the undersigned for preliminary screening because plaintiff has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

## DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the

1   complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

2   fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

3   defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be

4   liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

5         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:

6   (1) that a right secured by the Constitution or laws of the United States was violated, and

7   (2) that the alleged violation was committed by a person acting under the color of state

8   law.  West v. Atkins, 487 U.S. 42, 48 (1988).

9   B.   Legal Claims

10        It is well established that prisoners have a constitutional right of access to the

11  courts.  Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821

12  (1977).  But the right of access to the courts only requires prison officials to provide

13  prisoners with the capabilities to attack their sentences directly or collaterally, and to file

14  § 1983 claims challenging the conditions of their confinement.  Lewis, 518 U.S. at 355.

15  "Impairment of any other litigating capacity is simply one of the incidental (and perfectly

16  constitutional) consequences of conviction and incarceration."  Id.

17        Defendants' alleged refusal to assist plaintiff with the filing of divorce papers, as

18  opposed to an attack on his detention or a challenge to the conditions of his confinement,

19  fails to state a § 1983 claim for violation of the constitutional right of access to the courts.

20  See id.; see also Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1159-60

21  (9th Cir. 2003) (state official's refusal to transport prisoner to court for a state civil trial

22  unrelated to cause or conditions of prisoner's detention does not violation prisoner's

23  constitutional right of access to the courts).[1]

United States District Court
Northern District of California

24  _____

25      [1]The Ninth Circuit recognizes that prisoners also have a constitutional right to litigate without
    active interference any claim that has a reasonable basis in law or fact.  See Silva v. Di Vittorio,

26  658 F.3d 1090, 1102 (9th Cir. 2011), overruled on other grounds as stated by Richey v. Dahne,
    807 F.3d 1202, 1209 n.6 (9th Cir. 2015).  But there is no indication that defendants here in any

27  way actively interfered with plaintiff's right to seek a divorce.  They simply refused to assist him
    with the filing of divorce proceedings, which they were free to do without implicating plaintiff's

28  right of access to the courts.  See also id. (discussing difference between claims involving
    prisoners' rights to affirmative assistance and those involving prisoners' rights to litigate without

<div style="text-align: center; writing-mode: vertical">United States District Court<br>Northern District of California</div>

1

## CONCLUSION

2    For the foregoing reasons, the complaint is DISMISSED under 28 U.S.C.

3  § 1915A(b) for failure to state a claim upon which relief may be granted.

4    The clerk shall enter judgment in accordance with this order, terminate all pending

5  motions as moot, and close the file.

6    **IT IS SO ORDERED.**

7  Dated:   January 18, 2017



_____

8  SALLIE KIM
   United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

active interference).